IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WARREN ANTONIO LEE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:18-CV-011-Y |
| | § | |
| ERIC D. WILSON, Warden, | § | |
| FMC-Fort Worth, | § | |
| | § | |
| Respondent. | § | |

## **OPINION AND ORDER**

Before the Court is petitioner Warren Antonio Lee's "Leave for Stay of § 2241 Petition to be Filed Upon Order to Compel Respondent to Answer Grievances," in which Petitioner, a male inmate purporting to be transgendering to female, requests that the Court compel Respondent "to answer grievances currently thwarting access to the court" and in which "she" complains of a disciplinary proceeding and discrimination and retaliation based upon "her" gender identity. (Pet. 1-3, doc. 1.) The pleading was filed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. After having considered the petition and relief sought by Petitioner, the Court has concluded that the petition should be dismissed. No service has issued upon Respondent.

### I. DISCUSSION

Petitioner asserts that she was issued an incident report on July 18, 2017, for allegedly threatening a staff official with bodily harm and that she was denied procedural due process during

the disciplinary hearing because

> (I) the original [incident report] was omitted as exonerating [Petitioner] from said Prohibited Act, (ii) Lts. collusion -in the good-ole-boy system- waylaid perfunctory investigation of falsifying report, (iii) Lt. Rivas exclaiming that [Petitioner]'s staff representative had refused to represent "her" (when this did not occur), and (iv) Lt. Rivas ultimately providing disingenuous facts to DHO of witness.

(Id. at 2.) Petitioner acknowledges, however, that she has had the incident report expunged. (Id.) Consequently, to the extent Petitioner complains of the disciplinary process and the failure of prison staff to provide her with the "alleged 'rejection' notification receipt and documents concomitant appeal," the petition is rendered moot.

Petitioner also asserts that, as a result of her sexual orientation, she suffers discrimination in "housing, employment, and RDAP"; harassment and refusal to issue "Female Pat/Strip Search Procedure IDs"; and retaliation by prison staff in the confiscation of makeup and female products, deprivation of endocrinology consultation, and overpricing of female commissary products. (Id.) Such claims, however, which do not affect the fact or duration of Petitioner's confinement, are properly brought, if at all, in a civil-rights complaint pursuant to *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971),

For the reasons discussed, the Court DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 as moot, in part, and for failing to state a cognizable claim for

2

habeas relief, in part.

Further, a certificate of appealability will not be issued. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack,* 529 U.S. at 484). Petitioner has not made a showing that reasonable jurists would question this Court's resolution of Petitioner's constitutional claims and/or procedural rulings. Therefore, a certificate of appealability should not issue.

SIGNED February 1, 2018.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE